No. 05-641

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 232N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MICHAEL LEE CHRISTMAN and
SEAN MICHAEL CHRISTMAN,

        Defendants and Appellants.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 2002-519-1,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Jeremy S. Yellin, Attorney at Law, Havre, Montana

            Jason T. Holden, Church, Harris, Johnson & Williams, P.C.,
Great Falls, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

            Brant S. Light, County Attorney; Joel Thompson, Deputy
County Attorney, Great Falls, Montana

                   Submitted on Briefs:  August 24, 2006

                             Decided:  September 13, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On November 26, 2002, a sheriff's deputy (the Deputy) went to the home of Michael Christman to arrest Robert Murker, a suspect in a domestic assault incident that had occurred earlier that evening.  According to the Deputy, Michael refused to allow the Deputy inside, and Michael's son, Sean Christman, went out the back door and told the Deputy to "get the fuck out of here."  The Deputy, unaware of whether Sean was Murker or someone else, followed Sean into the house and attempted to handcuff him.  From here stories differ, but all parties now agree that a short, intense scuffle took place involving the Deputy being physically forced out the door by Michael and Sean. The Deputy sprayed Sean with pepper spray and, after the Deputy lost control of the pepper spray, Sean used the same pepper spray to spray the Deputy.  Unable to see or speak due to the pepper spray, the Deputy reached for his weapon, preparing to shoot.  At this time, two other officers came over the fence, subdued Sean, and arrested both Michael and Sean.

¶3     Michael and Sean were subsequently charged with assault on a peace officer and obstructing justice.  Great Falls attorney Steve Hudspeth was privately retained to

2

represent the Defendants. According to Hudspeth, the Defendants originally denied ever touching the Deputy. Hudspeth explained to the Defendants that the affirmative defense of justifiable use of force was inapplicable as long as they maintained that they never touched the Deputy. Michael and Sean now argue, however, that what Hudspeth actually told them was that justifiable use of force is "no defense at all" when force is used against an officer of the law.

¶4     On September 10, 2003, Michael and Sean pled guilty to felony assault on a peace officer. During the plea colloquies, Michael admitted to using force against the Deputy. Additionally, Hudspeth asked both Michael and Sean if they understood that they were giving up their rights to all defenses, including the defense of justifiable use of force. Hudspeth also inquired whether the Defendants understood that even if they did not like the sentence, they would not be able to withdraw their guilty plea and go to trial. Both answered "yes" to Hudspeth's explanatory, on the record questions.

¶5     A sentencing hearing followed in which the Deputy, as well as Michael and Sean, testified. All three versions differed somewhat, although Michael and Sean did agree that the Deputy was the primary aggressor. The Deputy, on the other hand, related that he was physically assaulted by both Michael and Sean, leading the Deputy, after being pepper sprayed by Sean, to reach for his sidearm with the intent to shoot if necessary. The court, having heard both sides, determined that the Deputy's version was more credible, in part because the Deputy's version "[made] sense." The court also noted that "the only thing that kept this from being a situation where shots were fired is the arrival

3

of backup officers . . . ." Based on the evidence, the court sentenced both Michael and Sean to the Department of Corrections for ten years, with all but four suspended.

¶6 Within a month of sentencing, Michael and Sean, acting *pro se*, moved to withdraw their guilty pleas. The court appointed counsel for both Michael and Sean. In their joint supplemental brief in support of the motion to withdraw, Michael and Sean claimed they did not enter their pleas voluntarily because Hudspeth, their original attorney, told them that justifiable use of force was not a viable defense and that simply touching an officer was an offense, and they pled guilty based on these mistaken beliefs.

¶7 The District Court conducted three hearings on the motion to withdraw. Hudspeth testified at the first hearing, explaining that his clients denied any physical contact with the Deputy until about a week before they pled guilty. Hudspeth denied ever telling his clients "if you touch a cop, you've got no defense." During the second and third hearing the court heard from a number of defense witnesses who were present at the meetings with Hudspeth, including Michael, Sean, Michael's brother, Michael's wife, and Robert Murker, the individual the authorities were pursuing the night of the incident. After observing and weighing the conflicting testimony, the court concluded that the Defendants' pleas were voluntary, knowing and intelligent. The court, in its findings of fact, found that Hudspeth and the Deputy's version of events were credible. The court also found that Michael's and Sean's stories were not credible and "not only would not have established a defense of justifiable use of force, but even failed to establish mitigation for sentencing purposes."

4

¶8     On appeal, Michael and Sean argue that the District Court erred in finding that their guilty pleas were entered voluntarily, primarily because of Hudspeth's alleged failure to properly inform his clients of their legal right to assert the defense of justifiable use of force. When reviewing an appeal from a denial of a motion to withdraw a guilty plea wherein voluntariness is at issue, we review the trial court's underlying factual findings to determine if they are clearly erroneous. *State v. Warclub*, 2005 MT 149, ¶ 23, 327 Mont. 352, ¶ 23, 114 P.3d 254, ¶ 23. We then review the ultimate, mixed question of voluntariness *de novo*, to determine if the district court's interpretation of the law—and application of the law to facts—is correct. *Warclub*, ¶ 23. The weight of evidence and the credibility of witnesses are factual findings. *State v. Cowan*, 260 Mont. 510, 514, 861 P.2d 884, 887 (1993).

¶9     In cases in which the district court must resolve conflicting testimony, if substantial evidence supports the district court's factual findings, then such findings are not clearly erroneous. We defer to the district court in cases in which conflicting testimony is presented because we recognize that the court had the benefit of observing the demeanor of witnesses and determining their credibility. *State v. Wetzel*, 2005 MT 154, ¶ 11, 327 Mont. 413, ¶ 11, 114 P.3d 269, ¶ 11. Here, the District Court's determination of credibility based on its observations during the plea colloquy, the sentencing hearing, and the motion to withdraw hearings is supported by substantial evidence and is not clearly erroneous. Finally, in reviewing the mixed question of

5

voluntariness *de novo*, we conclude that the court's interpretation of and application of law to the facts is correct.

¶10    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence and there was clearly no abuse of discretion by the District Court.

¶11    We affirm the judgment of the District Court.


/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE